No. 20,486.

JESSE DOUGLAS, ET AL., *v.* MUNICIPAL COURT OF THE CITY AND COUNTY OF DENVER, ET AL.

(377 P. [2d] 738)

Decided January 14, 1963.

Mr. WILLIAM A. BLACK, for petitioners.

Mr. ROBERT S. WHAM, City Attorney, Mr. BRIAN H. GORAL, Assistant, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding commenced by the filing of a petition in which Jesse Douglas and Alberta Douglas sought the issuance of a rule directed to the respondents above named to show cause why the relief prayed for should not be granted.

Petitioners allege that a complaint had been filed against them in the respondent court, in which it was charged that on or about May 9, 1962, they had violated seven separate sections of the Revised Municipal Code of the City and County of Denver. Each of said violations related to claimed infractions of the "Housing Code" being Article 631 of said code. This Article is designed and intended to protect, preserve and promote the physical and mental health of the inhabitants of the city; to require investigation and control of communicable diseases; to regulate privately and publicly owned dwellings for the purpose of sanitation and public health; and to protect the safety and general welfare by legislation applicable to all dwellings now in existence or hereafter constructed. The said article covers a wide range of related subjects among which we mention that it:

"(a) Establishes minimum standards for basic equipment and facilities for light, ventilation and heating; for safety from fire, for the use and location and amount of space for human occupancy, and for safe and sanitary maintenance;

"(b) Determines the responsibilities of owners, operators and occupants of dwellings; and

"(c) Provides for the administration and enforcement thereof. (Reference Section 631.1-1, Revised Municipal Code, Petitioners' Exhibit A)."

It is provided in said chapter, inter alia: (Section 631.3-1)

"*Notice of Violations.* Except in those instances to which Section .11 hereof is applicable, whenever the manager or his authorized representative determines that there has been a violation of any provision of this article or any rule or regulation adopted pursuant thereto, he shall give notice of such alleged violation to the person or persons who are or may be responsible therefor, as enumerated in (d) below. Such notice shall: (a) be in writing; (b) particularize the violations alleged to exist or to have been committed; (c) provide a reasonable time, but not less than 30 days in any event, for the correction of the violations particularized; and (d) be addressed to and served upon the owner of the property, * * * ."

The Housing Code further provides that any person affected by a notice of violations or who is aggrieved or who believes the same to be factually or legally contrary to the ordinances of the City and County of Denver or to the policies and regulations of the Department, may appeal to the Board of Health and Hospitals. In order to ameliorate the rigors of the Housing Code, the ordinance further provides that the Board of Health and Hospitals may, upon appeal, grant variances from the terms of the Housing Code, or the rules adopted pursuant thereto, where exceptional and extraordinary circumstances prevail. The time for appeal is prescribed by rule of the Board and must be perfected within thirty days from the date of the decision or order of the Department of Health and Hospitals. The ordinance further provides that if no appeal is taken from the notice by the Department, the order shall become final.

It affirmatively appears from the record before us that

Mr. and Mrs. Douglas were served with notice as required by the ordinance; that they did not pursue the administrative remedies set forth in the ordinance; that they requested extensions of time within which to bring their property into compliance with the required standards; and that 330 days elapsed between the service of the notice and the filing of the complaint in the municipal court.

The petitioners assert that the municipal court was without jurisdiction to proceed to trial on the complaints for the reason that the proceedings there pending are in the nature of contempt actions to punish for failure of petitioners to comply with the orders of the Manager of Health and Hospitals, and that no such power is vested in the municipal court.

It is further contended that the person who issued the notice of violations was not legally authorized to do so, and that the charter of the City and County of Denver limits the functions of the Board of Health and Hospitals (insofar as pertinent to this controversy), " * * * to hear complaints of persons affected by decisions of the Manager and to reverse such decisions as are contrary to policies or regulations of the department."

It is asserted:

"13.

"That the Charter of the City and County of Denver does not authorize the Board of Health and Hospitals to review the alleged violation of the Housing Code of the City and County of Denver, Article 631 of the Revised Municipal Code, as amended, and said Ordinance thereby violates the Charter, of the City and County of Denver.

"14.

"That the Manager of the Department of Health and Hospitals has made no valid decision as to the petitioners' property and no valid order has been issued by the

Manager charging any violation of the Housing Code, and said complaint is void by reason thereof."

The jurisdiction of the respondents is further challenged on the ground that:

"The purported notice is in fact and effect an order to repair, remodel, and alter or correct said building and property and is a proceeding in rem, and the Municipal Court is without jurisdiction to hear and determine the same. And further the complaint filed herein in effect is an effort to find the petitioners guilty of contempt of an order of said John W. Burnett to repair, remodel, alter and correct said property known as 2259 Gilpin Street, Denver, Colorado, and the Municipal Court is without jurisdiction to hear and determine the same."

█ We are not in accord with the assertion of counsel for petitioners that the action pending in the municipal court is in the nature of a proceeding in contempt to enforce an order of an administrative officer. It is clear that the municipal court has no such authority, which counsel for respondents freely admit. The purpose of the municipal court action is to determine whether the respondents have violated a municipal ordinance in the particulars alleged against them, and, if their guilt is established, to assess a penalty as provided by the Revised Municipal Code, section 011.10, under which the respondent court is authorized to impose a fine or penalty not to exceed $300.00, or imprisonment not to exceed 90 days, or both.

█ The formal charges against petitioners did not arise until the complaint was filed in the municipal court. The action being penal in nature will require the City to prove any of the charges beyond a reasonable doubt. The burden of proof is upon the City and County of Denver and not upon the petitioners. If reasonable doubt exists as to the violation of the code provisions alleged, the doubt is to be resolved in favor of petitioners. The petitioners have a right to demand a jury trial

in such proceedings. Their plain, speedy and adequate remedy under the law is to proceed before the municipal court and if the judgment there be against them, to appeal to the superior court of the City and County of Denver, there to request a trial de novo on all issues before a jury thus having a factual and legal determination in a court of record. Proceedings in the superior court afford a speedy and adequate remedy at law, and, if petitioners are again found to be guilty, they may sue out a writ of error to this court, pursuant to the Colorado Rules of Civil Procedure.

From the foregoing it is clear that the municipal court has jurisdiction over the petitioners and the subject matter of the action, and that petitioners have a plain, speedy and adequate remedy at law. If the petitioners are aggrieved by any judgment finally entered in the action, such judgment is subject to review by writ of error in this court. We have repeatedly held that original proceedings in this court are not to be used as a substitute for writs of error.

The rule is discharged.